IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN F. HAYES, Personal Representative for the Estate of Thomas J. Hayes, deceased, | |
| Plaintiff, | |
| vs. | |
| NEBRASKA, KANSAS & COLORADO RAILWAY, LLC, a Delaware Limited Liability Company, | |
| Defendant/Cross Claimant, and Third-Party Plaintiff, | 8:20-CV-201 |
| And | |
| OMNITRAX, INC., a/k/a OMNITRAX HOLDINGS COMBINED, INC., a/k/a OMNITRAX ENERGY SOLUTIONS, a Colorado Corporation, | MEMORANDUM AND ORDER |
| Defendant, | |
| And | |
| NUTRIEN AG SOLUTIONS, INC., a Delaware Corporation, | |
| Defendant, | |
| And | |
| UNION PACIFIC RAILROAD CO., BNSF RAILWAY CO., CANADIAN NATIONAL RAILWAY CO., CANADIAN PACIFIC LTD., and NORFOLK SOUTHERN CORP., | |
| Third-Party Defendants. | |

The plaintiff, Karen F. Hayes, alleges a claim for damages regarding the wrongful death of her husband, Thomas J. Hayes, which occurred in the course of his employment with defendant Nutrien AG Solutions, Inc., but was allegedly caused by the negligence of defendants Nebraska, Kansas & Colorado Railway, LLC (NK&C) and OmniTRAX, Inc. (OmniTRAX). Filing 1. The plaintiff identified OmniTRAX, Inc., as existing under several aliases. OmniTRAX moves for its dismissal from the plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the plaintiff failed to allege facts supporting any of her theories regarding its liability for Thomas Hayes' accidental death. Filing 22. The Court agrees, and finds that OmniTRAX Inc., should be dismissed, with leave for the plaintiff to amend her complaint.

## I. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. *Id.* at 679.

2

In assessing a motion to dismiss, a court must take all the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See id.* at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

A motion to dismiss under Rule 12(b)(6) tests only the sufficiency of the allegations in the complaint, not the sufficiency of the evidence alleged in support of those allegations. *Stamm v. Cty. of Cheyenne, Neb.*, 326 F. Supp. 3d 832, 847 (D. Neb. 2018); *Harrington v. Hall Cty. Bd. of Supervisors*, No. 4:15-CV-3052, 2016 WL 1274534, at *4 (D. Neb. Mar. 31, 2016).

## II. BACKGROUND

On the morning of June 1, 2019, Thomas Hayes, an employee of defendant Nutrien, was assigned to move a railcar that defendant NK&C had delivered to Nutrien's facility in Imperial, Nebraska. Filing 1 at 4. The means available for Hayes to accomplish this task was to tow the railcar by connecting it to a John Deere tractor with a single tow chain. Another Nutrien employee, Alex Marshall, was on the railcar, and his job was to operate the railcar's handbrake to control the railcar's speed. As the towing commenced, the railcar soon began to overtake the tractor. Marshall tried to slow the railcar with the handbrake, but found it to be defective and nonfunctional. The railcar's speed ultimately overtook the tractor Hayes was operating, causing it to overturn. As a consequence, Hayes suffered catastrophic, crushing injuries, which ended his life.

The plaintiff alleges that NK&C was negligent in accepting, transporting, and providing a railcar that was not equipped with a properly functioning handbrake. Further the plaintiff alleges that NK&C was negligent in failing to warn of the defective condition of the railcar, failing to conduct a sufficient inspection or testing of the railcar handbrake, and failing to comply with the Federal Safety Appliance Act and with the Industry Standards of the America Association of Railroads. *Id*. Regarding OmniTRAX, the plaintiff alleges that it "owned and operated" NK&C, and that NK&C's negligent acts or omissions are imputed to OmniTRAX "by operation of the doctrines of agency and *respondeat superior*." Filing 1 at 5.

### III. DISCUSSION

The plaintiff's allegations supporting a basis for OmniTRAX's liability for the Thomas Hayes' injuries and death consist of one alleged fact, one asserted conclusion, and reference to two legal conclusions. The alleged fact was that OmniTRAX owned NK&C. The asserted conclusion was that OmniTRAX operated NK&C. The two legal conclusions were that the OmniTRAX was vicariously liable for NK&C's negligence pursuant to the law of agency, or pursuant to the doctrine of *respondeat superior*.

The bare factual assertion that OmniTRAX owns NK&C is insufficient to allow the Court to draw an inference that OmniTRAX may be liable for the plaintiff's damages. *See Iqbal,* 556 U.S. at 678. A parent corporation, in general, may not be liable for the negligence of its wholly owned subsidiary, absent evidence of participation or influence. *H.J., Inc. v. Int'l Tel. & Tel. Corp.,* 867 F.2d 1531, 1549 (8th Cir. 1989). Here, factual allegations regarding how OmniTRAX allegedly operated NK&C—evidence of OmniTRAX's participation or influence—is absent from the plaintiff's complaint. Further, although agency principles could support finding that OmniTRAX is liable for NK&C's

4

conduct, absent are any factual allegations supporting an inference that NK&C was acting as OmniTRAX's agent in connection with the plaintiff's damages. *See Id*.

The plaintiff's complaint is certainly a short and plain statement of her claim, but at this juncture, it consists of only unadorned accusations, and cannot survive a Rule 12(b)(6) motion to dismiss.

One further note, so far, the plaintiff has only served summons and a copy of her complaint on OmniTRAX, Inc. If the other OmniTRAX entities identified as aliases of OmniTRAX, Inc. are actually separate corporate entities, those entities have not been served as separate defendants according to the requirement of Fed. R. Civ. P. 4.

IT IS ORDERED:

1. The defendant OmniTRAX, Inc.'s motion to dismiss (filing 22) is granted.

2. OmniTRAX, Inc. is terminated as a defendant.

3. The plaintiff is given leave to file an amended complaint on or before September 29, 2020.

4. The Clerk of the Court shall set an amended complaint deadline for September 29, 2020.

5. This matter is referred to the Magistrate Judge for case progression.

Dated this 14th day of September 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge