IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN F. HAYES, Personal Representative of the Estate of Thomas J. Hayes, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA, KANSAS & COLORADO RAILWAY, LLC, a Delaware Limited Liability Company; and NUTRIEN AG SOLUTIONS, INC., a Delaware Corporation;<br><br>Defendants. | 8:20CV201<br><br>**MEMORANDUM AND ORDER** |

    This case is before me on Third Party Plaintiff Nebraska, Kansas & Colorado Railway, LLC's (NKCR) Motion for Leave to Serve Jurisdictional Discovery (Filing No. 65) and Motion for Leave to Amend the Third Party Complaint (Filing No. 70). For the reasons stated below, NKCR's motion to amend the third party complaint will be granted. The motion to conduct jurisdictional discovery will be denied.

    I.    Motion to Amend

    The proposed amended third party complaint adds Wisconsin Central Ltd., Canadian Pacific Railway Co., Soo Line Railroad Co., and Norfolk Southern Railway Co. (NSRC), as parties. (Filing No. 70-1). The motion also states NKCR's intention to voluntarily dismiss without prejudice Canadian Pacific Railway Ltd., and Norfolk Southern Corporation (NSC). The motion will be granted, and the proposed amended third party complaint will be treated as the operative pleading for the balance of this order. (Id).

II.     Motion for Jurisdictional Discovery

Plaintiff's complaint alleges NKCR was negligent in moving a railcar (MOCX412494) with an allegedly defective hand-braking system. NKCR's third party complaint alleges the third party defendants, including the Norfolk Southern entities moved the railcar "on multiple occasions and significantly more than the single time NKCR moved the railcar." (Filing No. 70-1 at CM/ECF p. 9). Thus, it alleges that if Plaintiff's claimed negligent acts or omissions against NKCR are determined to be a cause of Plaintiff's alleged injuries and damages, then the third-party defendants are likewise negligent, and the negligence of the third-parties was a proximate cause, in whole or in part, of Plaintiff's alleged injuries and damages. (Id.) NKCR alleges it is entitled to relief against the third party defendants, either for contribution or for indemnification, depending on the outcome of Plaintiff's claims.

NSC has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2), asserting that the Third Party Complaint of NKCR should be dismissed for lack of personal jurisdiction. (Filing No. 49). The motion to dismiss also identifies NSRC as the operating entity that should have been sued. (Filing No. 50 at CM/ECF pp. 1-2, n. 1). Nonetheless, it contends that irrespective of whether the third party complaint is against NSC or against NSRC, this court lacks personal jurisdiction. (Filing No. 49).

NKCR requests leave to conduct limited jurisdictional discovery to determine the precise nature and extent of Third-Party Defendant NSC and its subsidiary

railroads' contact with the railcar at issue in this case and with the forum state.[1] (Filing No. 66 at CM/ECF p. 2).

NKCR requests leave to serve discovery requests on NSC regarding the following subjects:

- The origination and destination points of railcars moved by NSC and its subsidiary railroads, including railcars coming from, passing through, or going to the State of Nebraska;
- Compensation NSC and its subsidiary railroads obtain from moving railcars that originate from, pass through, or are destined for the State of Nebraska;
- The scope of NSC and its subsidiary railroads' rail system, including locations where it owns and operates track that are connected to by other railroads which, in turn, operate track in Nebraska;
- Any rights or agreements NSC and its subsidiary railroads have for operating trains and other railroad equipment on railroad track crossing Nebraska;
- The history of NSC and its subsidiary railroads' interaction with the subject railcar in this lawsuit, including any inspections, repairs, or movement of the subject railcar;
- NSC and its subsidiary railroads' obligations and responsibilities regarding railcars that are interchanged from and to other railroads;
- Documentation in NSC and its subsidiary railroads' possession, custody, and control relating to the subject railcar;
- NSC and its subsidiary railroads' expectations about whether the railcars it moves, including the subject railcar, will travel to or through the State of Nebraska.

---

[1] NKCR's motion for jurisdictional discovery directed to NSC, and NSC's motion to dismiss were filed before NKCR's motion to amend the third party complaint. NSC and NKCR consent to the substitution of NSRC for NSC, asking the court to treat pending motions as being filed by NSRC. (Filing No. 70 at CM/ECF p. 3).

(Filing No. 66 at CM/ECF p. 2-3). NKCR anticipates serving written interrogatories, requests for admission, and requests for production, and it intends to conduct limited depositions, including a Rule 30(b)(6) deposition of NSC and/or its subsidiary railroads, with the goal of determining the extent of NSC's contact and knowledge of the subject railcar and its interactions with the forum state.

NSRC opposes jurisdictional discovery, arguing the proposed discovery would be extensive and costly and is "wholly inappropriate and a fishing expedition" which will not turn up information which NKCR can use to prove jurisdiction in this matter. (Filing No. 74 at CM/ECF p. 2). NSRC asserts the affidavits of record show that NSRC had no contact with the State of Nebraska and does not have sufficient contacts with the state to afford personal jurisdiction.

Affidavits filed in support of NSC's motion to dismiss indicate NSC does not own or operate railroad tracks in this state, nor does it own any real property, have any offices or facilities, or have any employees with positions based out of Nebraska. It is not a Nebraska corporation and is not registered to do business here. (Filing No. 50 at CM/ECF p. 3, Filing No. 50-1, Filing No. 50-2).

NKCR does not dispute the assertion that NSRC is not "at home" in this district. (Filing No. 64 at CM/ECF p. 5). Rather, it asserts that even if NSRC is not subject to general personal jurisdiction, it may be subject to specific personal jurisdiction in this district, and NKCR should be allowed limited jurisdictional discovery to determine the extent of NSC/NSRC's contacts with Nebraska.

Within this district, we have recognized that "facts which would establish personal jurisdiction over the defendant are often in the exclusive control of the defendant," and "a plaintiff may be unable, without some discovery, to properly respond to a motion to dismiss pursuant to 12(b)(2)." In such cases, the court will therefore allow some discovery. Shoemoney Media Group, Inc. v. Farrell, No.

8:09CV131, 2009 WL 1383281, at *6 (D.Neb. May 14, 2009) (Gossett, Mag. J.). See also NuTone, Inc. v. Jakel, Inc., No. 8:07CV305, 2009 WL 1974441, at *2 (D.Neb. July 6, 2009) (Thalken, Mag. J.) ("It may be appropriate to permit jurisdictional discovery to establish whether personal jurisdiction is justified."). Marolf v. AyA Aguirre & Aranzabal S.A., No. 4:09CV3221, 2010 WL 964956, at *2 (D. Neb. Mar. 10, 2010).

> A plaintiff is entitled to jurisdictional discovery if he or she can show that the factual record is at least ambiguous or unclear on the jurisdiction issue.... This standard is quite low, but a plaintiff's discovery request will nevertheless be denied if it is only based upon "bare," "attenuated," or "unsupported" assertions of personal jurisdiction, or when a plaintiff's claim appears to be "clearly frivolous."

Shoemoney Media Grp., Inc. v. Farrell, No. 8:09CV131, 2009 WL 1383281, at *6 (D. Neb. May 14, 2009), citing Andersen v. Sportmart, Inc., 179 F.R.D. at 241–42.

The due process clause requires "minimum contacts" between the defendant and the forum state before the forum state may exercise jurisdiction over the defendant. Soo Line R. Co. v. Hawker Siddeley Canada, Inc., 950 F.2d 526, 530 (8th Cir. 1991), citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." Id.

Citing World-Wide Volkswagen, NKCR argues that this district has personal jurisdiction over NSC/NSRC because NSC/NSRC delivered its products into the "stream of commerce," similar to a products liability case. (Filing No. 64 at CM/ECF p. 6). NSC disagrees, arguing "a finding in this case that personal jurisdiction exists would mean NS could be subject to suit in any state where a railcar it had interchanged at some point in time caused injury in another state despite any meaningful or purposeful contact with that state." (Filing No. 74 at CM/ECF p. 13).

The Eighth Circuit has held that the movement of defendant's railcars in the forum state does not support a finding of specific personal jurisdiction over a defendant if its railcars entered the forum state through the actions of third parties. See Soo Line R. Co. v. Hawker Siddeley Canada, Inc., 950 F.2d 526, 530 (8th Cir. 1991). The Eighth Circuit has also held that placement of a product into the stream of commerce, without more, does not constitute an act of the defendant purposefully directed toward the forum state. Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F. 2d 369 (8th Cir. 1990).

Although it is alleged that multiple third parties moved the subject railcar in 2018 and 2019, it is not alleged that NSC/NSRC ever moved the railcar to or through Nebraska. In this case, it is alleged that Third-Party Defendant BNSF, not NSC/NSRC, provided the railcar to NKCR prior to the alleged accident. Without ruling on the merits of the pending or anticipated motions to dismiss, and recognizing that the standard for jurisdictional discovery is low, I nonetheless find the relationship between NSC/NSRC's alleged action and the actions giving rise to this lawsuit is too attenuated to justify the jurisdictional discovery requested by NKCR.

IT IS ORDERED:

1) NKCR's Unopposed Motion to Amend the third party complaint is granted. (Filing No. 70). NKCR's proposed First Amended Third Party Complaint, a copy of which was attached as an exhibit to their motion, shall be filed on or before November 12, 2020.

2) NKCR's motion for leave to serve jurisdictional discovery (Filing No. 65), is denied.

Dated this 5th day of November, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge