IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAREN F. HAYES, Personal Representative for the Estate of Thomas J. Hayes, deceased, | | |
| Plaintiff, | | |
| vs. | | |
| NEBRASKA, KANSAS & COLORADO RAILWAY, LLC, a Delaware Limited Liability Company, | | |
| Defendant, Crossclaimant, and Third-Party Plaintiff, | 8:20-CV-201 | |
| And | ORDER | |
| NUTRIEN AG SOLUTIONS, INC., a Delaware Corporation, | | |
| Defendant and Crossclaim Defendant, | | |
| And | | |
| UNION PACIFIC RAILROAD CO., et al., | | |
| Third-Party Defendants. | | |

This matter is before the Court on third-party plaintiff Nebraska, Kansas & Colorado Railway (NKCR)'s objection (filing 92) to the magistrate judge's order (filing 84) denying NKCR's motion (filing 65) for leave to serve jurisdictional discovery. But the Court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A);

*Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). Because the magistrate judge's ruling here was neither, NKCR's objection will be overruled.

NKCR's argues it should be permitted to conduct discovery with respect to third-party defendant Norfolk Southern Railway's contractual relationship with fellow third-party defendant BNSF Railway. *See* filing 93. NKCR argues that Norfolk Southern may be subject to specific personal jurisdiction in Nebraska if it contracted with BNSF to pull the railcar that injured the plaintiff through Nebraska. "Indeed," NKCR argues, "if [Norfolk Southern] paid BNSF to pull the subject railcar through the State of Nebraska, then specific personal jurisdiction unquestionably exists over [Norfolk Southern]." Filing 93 at 3. So, NKCR says, "[j]urisdictional discovery is required to determine the nature and extent of [Norfolk Southern]'s contractual relationship with BNSF, and whether BNSF pulled the subject railcar through the State of Nebraska at the direction of [Norfolk Southern,]" because "this information is in the exclusive control of [Norfolk Southern.]" Filing 93 at 4. The magistrate judge's order was erroneous, NKCR contends, because "it does not contemplate the 'BNSF Partnership' discussed above." Filing 93 at 3.

That might be because NKCR's motion for leave to conduct jurisdictional discovery didn't contemplate it either. *See* filing 66. Rather, NKCR proffered extremely broad inquiries into Norfolk Southern's rail system and its contractual relationships with other railroads. Filing 66 at 3. Nothing about those requests was contingent upon a particular contractual relationship with BNSF, nor was most of it directed at the particular railcar that injured the plaintiff. *See* filing 66 at 3. Not until NKCR's reply brief did BNSF appear, and even then NKCR was still insisting on a broad inquiry into Norfolk Southern's "use and reliance on nationwide railways; its handling of the subject railcar in

2

the months leading up to this accident; and its transfer of the railcar to railroads that operate in and through the State of Nebraska." Filing 78 at 2.

Given the breadth of NKCR's requested discovery, the magistrate judge's denial of that request was neither clearly erroneous nor contrary to law. Even assuming that a contractual relationship between Norfolk Southern and BNSF could provide some basis for specific personal jurisdiction, the Court is obliged to weigh the proportionality of the requested discovery to the needs of the case. *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742-44 (8th Cir. 2018). NKCR's requested discovery in this case was overbroad and not narrowly tailored to the issues it *now* identifies as being relevant.[1] *See Jaakola v. U.S. Bank Nat. Tr. Ass'n*, 609 F. App'x 877, 878-79 (8th Cir. 2015). And as Norfolk Southern points out, it was simply inaccurate to assert that the relevant information was in its exclusive control, because the information on which NKCR is now focused can also presumably be obtained from BNSF, which is indisputably subject to jurisdiction in Nebraska. Accordingly,

IT IS ORDERED that NKCR's objection (filing 92) is overruled.

Dated this 4th day of December, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

---

[1] The Court expresses no opinion on whether a narrower request, more specifically tailored to "the nature and extent of [Norfolk Southern]'s contractual relationship with BNSF, and whether BNSF pulled the subject railcar through the State of Nebraska at the direction of [Norfolk Southern,]" filing 93 at 4, might be more amenable.